**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

MAY 12 2021

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILAN RAJ GHIMIRE, | No.   17-71242 |
| Petitioner, | Agency No. A205-302-657 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 10, 2021**
San Francisco, California

Before:  HAWKINS and MILLER, Circuit Judges, and RESTANI,*** Judge.

Milan Ghimire, a native and citizen of Nepal, seeks review of an order by the

Board of Immigration Appeals (BIA) dismissing his appeal from an immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

judge's (IJ) denial of his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

The record does not compel the conclusion that Ghimire offered credible testimony. "Because the BIA expressly adopted the IJ's decision under *Matter of Burbano*, but also provided its own review of the evidence and the law, we review both the IJ and the BIA's decision." *Joseph v. Holder*, 600 F.3d 1235, 1240 (9th Cir. 2010). "[O]nly the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

The IJ and BIA cited numerous factors that support the adverse credibility determination considering the totality of the circumstances: (1) inconsistencies with respect to Ghimire's fear of returning to Nepal and his reasons for coming to the United States (including his denial of having any fear of returning to Nepal during his initial immigration interview, *see Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004), *superseded by statute on other grounds,* 8 U.S.C. § 1158(b)(1)(b)(iii)); (2) Ghimire's omission of a "key aspect" of his participation in a protest that precipitated one incident of abuse; and (3) inconsistencies in the documentary evidence that the IJ found significant in context. The IJ considered but reasonably rejected Ghimire's explanations for these inconsistencies, and the record does not compel a different

2

result.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).  Accordingly, substantial evidence supports the denial of Ghimire's application for asylum and withholding of removal because he failed to establish a well-founded fear of persecution.

Substantial evidence also supports the denial of CAT relief.  *See Wakkary v. Holder*, 558 F.3d 1049, 1067–68 (9th Cir. 2009).  Analyzing Ghimire's eligibility apart from his discredited testimony, the IJ determined that the record failed to establish a particularized threat of torture to Ghimire or the required government participation or acquiescence.  *See Dhital v. Mukasey*, 532 F.3d 1044, 1051–52 (9th Cir. 2008).  Ghimire points to no evidence that compels a contrary conclusion.

**PETITION DENIED.**